WRIGHT, J.,
delivered the opinion of the Court.
This is an action of forcible entry and detainer. The *626 determination of the case depends entirely upon the construction of the following instrument of writing between the parties :
“THINGS THAT I WANT DONE.
“ Fence at common put up — to keep all the fences up and sure to keep out the hogs and other stock. I wish you to do the best you can with the potatoes and oats, and also the clover, and to collect the pasturage, and to receive the money for me, and for you to use what money so collected, and for sale of potatoes, oats, &c., to be applied to the payment of taxes and building of fence, &c., and for the rendering of the above services to have the house rent, use of garden, firewood, and pasturage for what cows you keep for family use. Mr. A. J. Hall to hold possession until the 25th of Decem-1859, and said Hall to have entire control of the premises as agent for Ariand E. Coleord.
“E. L. COLCORD, for
“ARIAND E. COLCORI).
“Sparta, August 16, ’58.”
The premises in dispute belonged to Ariand E. Coleord, and the writing was executed by E. L. Coleord, as her agent, and under which Hall, the plaintiff below, was placed in possession by them. They subsequently, in the fall of the same year, went to board witli Hall, and forcibly expelled him from the premises, to regain which he instituted this action and had judgment ih his favor in the Circuit Court.
It is now insisted that, under this writing, Hall was merely the agent, and not the lessee,.of A. E. Coleord, and that his agency might be put an end to at any time, and the possession and irse of the land lawfully resumed by her, and that the Circuit Judge erred in instructing the jury otherwise. We do not think so. He was not a mere agent, but, in addition, took an interest in the premises as the lessee of A. E. Coleord, and was entitled to the possession until the 25th of December, 1859. This is too plain for *627 argument. We must take the entire instrument together and give effect to all its parts. His agency may very well stand with his interest as lessee.
The judgment of the Circuit Court will be affirmed.